IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF KANSAS

LATRINA R. JONES, )
 )
 Plaintiff, )
 )
 v. ) Case No. 08-1139-WEB
 )
MICHAEL J. ASTRUE, )
Commissioner of )
Social Security, )
 )
 Defendant. )

MEMORANDUM AND ORDER

Plaintiff filed a Motion for Relief from Judgment or Order Pursuant to Federal Rule of Civil Procedure 60(b)(6) (Doc. 21), requesting the court to award attorney fees under 42 U.S.C. § 406(b)(1).[1]

Plaintiff hired counsel on a standard contingency basis of 25% of past due benefits. Plaintiff filed a complaint in this court appealing from the administrative decision of defendant. (Doc. 1). This court reversed the decision of the Commissioner, and remanded the case to the Administrative Law Judge (ALJ). (Doc. 15). The court awarded attorney fees under the EAJA in the amount of $3,823.28, and Plaintiff was awarded costs of $350.00 to be paid from the Judgment Fund administered by the Treasury Department. (Doc. 20). Plaintiff now requests attorney fees pursuant to 42 U.S.C. § 406(b). (Doc. 21). Counsel has provided documentation

---

[1] Plaintiff's Motion states that the request for attorney fees is being made pursuant to 42 U.S.C. § 406(d)(1). Section 406(d)(1) addresses the assessment fee on attorneys, the amount, as well as the collection, distribution and prohibition. The Declaration provided by counsel refers to Section 406(b)(1).

1

to show that 57.9 hours were expended for this case. Counsel has received EAJA fees in the amount of $3,823.28, and understands that this amount should be credited against attorney fees pursuant to § 406. Since plaintiff is entitled to $19,628.75 in past due SSI benefits, counsel argues that he is entitled to $4,907.18, minus the $3,823.28 of EAJA fees, for attorney fees pursuant to § 406 of $1,083.90.

Defendant does not object or join in this request. Defendant requests that if the court awards fees under section 406(b)(1), then the court should order counsel to refund the smaller fee to Plaintiff. Defendant notes that Plaintiff's attorneys have already been paid $4,107.49 of Plaintiff's past-due benefits pursuant to Section 406(a) fees.

Neither party disputes that Federal Rule of Civil Procedure 60(b) is the applicable rule under which to bring the application for attorney fees. The Tenth Circuit has ruled that a motion pursuant to Rule 60(b)(6) is appropriate for a party seeking an award under § 406(b)(1). McGraw v. Barnhart, 450 F.3d 493, 505 (10th Cir. 2006).

The Tenth Circuit has ruled that the Agency sets the fees for the work done before it, and the courts set the fees for the work done before it. Id. at 498. The amount of fees that can be awarded at the agency level is limited to the lesser of 25% of a past due benefit award or $5,300.00. Wrenn ex rel. Wrenn v. Astrue, 525 F.3d 931, 933 (10th Cir. 2008). The amount of fees that can be awarded after the claimant appeals to the court is up to 25% of the past due benefit award. Id. The commissioner and the courts have the authority to independently determine appropriate attorney fees. Id at 937. The Court in Wrenn went on to state that "based on the plain language and statutory structure found in § 406, the 25% limitation on fees for court representation found in § 406(b) is not itself limited by the amount of fees awarded by the

2

Commissioner." Id. In other words, the award of fees under Section 406(a) does not limit the award of fees under Section 406(b).

Attorney fees under Section 406(b) are only payable for work done before the court. 42 U.S.C. § 406(b)(a)(A). ("Whenever a court renders a judgment favorable to a claimant under this sub chapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation..."). A review of the hours submitted to the court in support of the motion for fees under Section 406(b) shows that Joseph Cassell billed 29.15 hours for work done between May 19, 2008 and January 27, 2010, the time period the case was pending in federal court. Joseph Seiwert submitted his billing statement for the time period from May 15, 2005 to January 26, 2010, for a total of 28.75 billable hours. However, since fees under Section 406(b) are for work done before the district court, the court will only consider the hours spent on work in this court, April 16, 2008 to May 30, 2009 (5.25 hours).

The court is required to review fees for reasonableness under a contingent-fee agreement. See Gisbrecht v. Barnhart, 535 U.S. 789, 798 n. 6, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002); 42 U.S.C. § 406(b). The attorney must show that the fee sought is reasonable. Id. at 807. A reduction in the attorney fees may be appropriate when the attorney is responsible for the delay, when the representation is substandard, or when the benefits are large in comparison to the amount of time counsel spent on the case. Id. at 808. The court can look at the attorney's hours spent on a case as well as the attorney's normal hourly rate when making a reasonableness determination. Id.

A review of the record shows Plaintiff presented a detailed brief to the District Court in

support of remand. The Magistrate Judge recommended remand, and the District Court agreed. Following remand, Plaintiff received a favorable decision by the Commissioner. The Plaintiff requested two continuances for additional time to file the brief while the case was pending in Federal Court. Plaintiff is requesting attorney fees in the amount of $4,907.18 for 34.4 hours of work. (29.15 for Cassell, and 5.25 for Seiwert). Cassell's normal hourly fee is $195.00, and Seiwert's normal hourly fee is $165.00. An award fee of $4,907.18 is equal to a rate of $142.65 per hour, which this court notes is below the attorney's normal rate.

Counsel for Plaintiff diligently represented Plaintiff in District Court. Following remand, a favorable decision was obtained for the claimant. Counsel was responsible for a period of delay, although the court notes it was only one month, and the delay was not attributed to improper action on part of counsel. The fee requested is not inordinately large in comparison to the amount of time spent on the case. After considering the nature of the case, the hours extended by counsel, the final outcome, and the normal hourly rates of counsel, the court finds the rate to be reasonable.

The court agrees with the defendant's reading of the statute, that 42 U.S.C. § 406(b) requires payment be made to counsel, and that counsel be required to refund the amount of the EAJA fee to the Plaintiff. See 42 U.S.C. § 406(b), "the Commissioner of Social Security may.....certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits," and <u>McGraw v. Barnhart,</u> 450 F.3d at 497 n. 2.

IT IS THEREFORE ORDERED Plaintiff's Motion for Relief From Judgment or Order Pursuant to Federal Rule Civil Procedure 60(b)(6) (Doc. 21) is GRANTED. Plaintiff's counsel is awarded fees pursuant to 42 U.S.C. § 406(b) in the amount of $4,907.18. Plaintiff's counsel is

ordered to refund to the claimant the amount of the smaller fee, which is $3,823.28.

IT IS SO ORDERED this 1st day of November, 2010.


    s/ Wesley E. Brown
Wesley E. Brown
U.S. Senior District Judge